ROBERT W. KENNEDY COMPANY ET AL., PROSECUTORS, v. BOARD OF PUBLIC UTILITY COMMISSIONERS ET AL., DEFENDANTS.

*Argued March 3, 1925—Decided April 17, 1925.*

Public Utilities—Board Has Jurisdiction in Cases Where Railroad Company Has Leased Land to Private Parties—Order to Build Switch Connection With Private Side Track—Evidence Examined and Finding of Commission That the Request was Reasonable, Practicable, That Switch Can be Put in With Safety and That It Will Furnish Sufficient Business, Sustained.

On *certiorari.*

Before Justices BLACK and CAMPBELL.

For the prosecutors, *Henry M. Hartman* and *Charles E. Gummere.*

For the defendants Trenton, &c., Traction Company and Central Transportation Company, *Edgar W. Hunt.*

For the defendant Board of Public Utility Commissioners, *Thomas W. Brown.*

PER CURIAM.

The writ of *certiorari* in this case brings under review an order of the board of public utility commissioners, dated November 26th, 1924, directing and ordering the Pennsylvania Railroad Company to provide a switch connection for a side track, when constructed on the property of the defendant the Central Transportation Company, from a point where the land of that company joins land owned by the Pennsylvania Railroad Company. The land of the Pennsylvania Railroad Company is now leased and occupied by the prosecutor Robert W. Kennedy Company for its coal and lumber business. The switch connection is to enable the two defendant companies to receive car load freight on a tract of land desired to be developed for the joint use of the two defendant companies as a car barn, a garage for motor coaches and a material yard.

The Robert W. Kennedy Company procured a writ of *certiorari* to review the order. The Pennsylvania Railroad Company was admitted and joined as prosecutor with the Robert W. Kennedy Company. Both companies attack the order and file six reasons for setting it aside. The reasons are argued under three points in the prosecutors' brief.

First. The board lacked jurisdiction to make the order.

Second. The order, in effect, takes the property of the prosecutors without any provision for just compensation.

Third. There was no evidence to reasonably support the order made by the board.

The statute under which the order was made is an act concerning public utilities (*Comp. Stat. of N. J., 1st Supp., p.*

416 NEW JERSEY MISCELLANEOUS REPORTS.

Supreme Ct.—Robt. W. Kennedy Co. v. Bd. of Public Util. Comm'rs.

1278; *Pamph. L.* 1911, *p.* 378, *part* 2, § 16 *K*), which provides the board' shall have power, after hearing, upon notice, by order in writing, to direct any railroad engaged in carrying merchandise to construct, maintain and operate, upon reasonable terms, a switch connection with any private side track, which may be constructed by any shipper to connect with the railroad, or street railway, where, in the judgment of the board, such connection is reasonable and practicable, and can be put in with safety, and will furnish sufficient business to justify the construction and maintenance of the same.

The objection that is urged and argued, however, is not to the validity of the statute under which the order was made. But it is the prosecutor Robert W. Kennedy Company is in possession of the land over which the defendants desire to cross with a side track. The interest of the Robert W. Kennedy Company in the land was acquired from the Pennsylvania Railroad Company by a lease dated September 24th, 1923, *Exhibit 1,* terminable at the will of the Pennsylvania Railroad Company upon sixty days' notice, and that the Robert W. Kennedy Company cannot be divested of its rights by the taking of any part of the land now occupied by it, except by condemnation. As the board of public utility commissioners has no power under the statute to condemn the interest in the land held by the Robert W. Kennedy Company, the order of the board is therefore a nullity.

The answer made to this point is, the board is not proceeding under any assumed authority to condemn private property, but is acting under express statutory authorization, and, therefore, the order made by it is legal. While it is conceded that the land is the private property of the Pennsylvania Railroad Company, since it was acquired for its right of way, it is, nevertheless, charged with a public use. It does not under the statute have the right to use the land in any way in which it may desire to use it as a private owner of real estate may do, but may only use it for purposes consistent with the objects for which the railroad company was incorporated.

NEW JERSEY MISCELLANEOUS REPORTS. 417

Supreme Ct.—Robt. W. Kennedy Co. v. Bd. of Public Util. Comm'rs.

The Railroad act (3 *Comp. Stat. of N. J.*, p. 4220, § 3; *Pamph. L.* 1903, p. 647, § 3) provides every railroad company shall have power to acquire, from time to time, and hold and use such real estate and other property as may, in the judgment of its directors, be necessary to accomplish the objects of its incorporation, and to sell land thus acquired when not necessary for such purposes and objects. So, section 13 limits the property which may be acquired by condemnation. So, it may lease or grant, for a short period of time, a part of its property for which it may have no immediate need. *Armstrong* v. *Pennsylvania Railroad Co.*, 38 N. J. L. 4.

While it is true the Pennsylvania Railroad Company is the absolute owner of the land, the use to which it may be put is greatly restricted, the Pennsylvania Railroad Company cannot by means of a lease create rights in the lessee, the Robert W. Kennedy Company, superior to the rights which it has itself in the premises under the statute. The railroad company could not, •by means of a lease for a long or a short period of time, vest in the Robert W. Kennedy Company the absolute right to use the land in the conduct of its coal and lumber business without being subject to the paramount duty to use the land for railroad purposes whenever the need therefor shall arise.

So, the Robert W. Kennedy Company has always held the land subject to such use. The order of the board of public utility commissioners, therefore, does not divest it of any rights which it formally had, for it merely requires the land shall now be put to that use.

This disposes of the point that the board had no jurisdiction in the premises, and that it was taking the property of the prosecutors without awarding just compensation, for which it had no power. The board, as stated, in making the order, was acting under express statutory authority.

The board found from the evidence before it the four conditions of fact to exist, which justified the board in making the order under the statute, viz.:

1. That it was reasonable.

2. That it was practicable.

3. That the switch can be put in with safety.

4. When put in it will furnish sufficient business to justify the construction and maintenance of the same.

The act (*Pamph. L.* 1918, *p.* 304) provides the order may be reviewed upon *certiorari* by the Supreme Court; such order may be set aside, in whole or in part, when it clearly appears that there was no evidence before the board to support reasonably the same, or that the same was without the jurisdiction of the board. The testimony under which the order was made has been returned with the writ of *certiorari* in the printed book. Our reading of it leads us to the conclusion that there was evidence before the board to support reasonably the order made. *Hackensack Water Co.* v. *Board of Public Utility Commissioners,* 95 *N. J. L.* 295. Hence, we cannot set the order aside for this reason. It would serve no useful purpose to restate the evidence from the printed book.

The two defendant companies attack that part of the order which provides the switch connection for a side track is made, "subject to the condition that petitioners shall bear any reasonable expense incident to the construction of the side track from the siding constructed upon the property of the Central Transportation Company to the clearance point at the switch connection, and also the expense of any necessary rearrangement of the facilities of the Robert W. Kennedy Company used by it in the conduct of its business, which facilities are located upon the land leased by it from the Pennsylvania Railroad Company. If the parties cannot agree as to the reasonable amount of such expense an application may be made to the board to settle that aspect of the matter." These companies obtained a writ of *certiorari* and were admitted as co-prosecutors under the writ. They then filed four reasons for setting aside that part of the order attacked by them. The attack is made upon the grounds—

First. There was no evidence to support that part of the order.

Second. The board lacked jurisdiction to impose upon the applicants the conditions.

Third. The conditions imposed are unreasonable.

Fourth. It gives to the Robert W. Kennedy Company rights as lessee, which the law of the state does not entitle it to.

It seems quite unnecessary to further follow the argument on this point in detail. The statute provides the order may be made upon reasonable terms; the facts do not seem to be contradicted.

We think there is no legal merit in the argument on this branch of the case.

The order of the board is therefore affirmed in its entirety, and the writs of *certiorari* are dismissed, with costs.